IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16CV826-RJC-DSC

| | |
|---|---|
| TIGRESS SYDNEY ACUTE MCDANIEL et. al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| VTT MANAGEMENT, INC. et. al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on the "Motion to Dismiss on Behalf of Defendants Tin, Hoover and Trosch" (document #19), "Defendant Marta Carson's Motion to Dismiss" (document #21) and the "Motion to Dismiss on Behalf of Defendants VTT Management, Inc., VTT Charlotte, LLC, Latonya Cameron, and Victor Jimenez" (document #31), as well as the parties' briefs and exhibits.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the "Motion to Dismiss on Behalf of Defendants Tin, Hoover and Trosch" (document #19) and "Defendant Marta Carson's Motion to Dismiss" (document #21) be granted, and that the "Motion to Dismiss on Behalf of Defendants VTT Management, Inc., VTT Charlotte, LLC, Latonya Cameron, and Victor Jimenez" (document #31) be granted in part and denied in part, as discussed below.

1

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 2, 2016, pro se Plaintiff Tigress McDaniel filed this action under 42 U.S.C. Sections 1983 and 1985 and the Fair Housing Act on behalf of herself and her minor child. Plaintiffs allege that they have been subjected to harassment and retaliation by their landlords ("the VTT Defendants") for reporting code violations at their apartment and for filing a rent abatement action in Mecklenburg County District Court. Plaintiffs also allege that Mecklenburg County District Court Judges Becky Tin, Donnie Hoover, and Elizabeth Trosch, along with City Code Inspector Marta Carson conspired against them with the VTT Defendants.

Taking the factual allegations of the Complaint as true, on December 20, 2015, Plaintiff reported housing code violations to the city of Charlotte. That same day, Defendant Carson inspected Plaintiffs' apartment and "found 24 code violations at this unit." Complaint at ¶ 2 (document #1.) The next day, Defendant Carson gave notice to the VTT Defendants.

Plaintiff alleges that the VTT Defendants failed to make all necessary repairs. Instead, they retaliated by accusing her of lease violations, spray painting "Nigger" on the stair posts that led to her apartment, having maintenance staff follow her, and evicting her from the apartment.

On February 19, 2016, Plaintiff Tigress McDaniel filed a Complaint in Mecklenburg County District Court seeking damages for rent recoupment and abatement, breach of mutuality of obligations and breach of contract, as well as punitive damages. In response, on March 23, 2016, Defendant VTT Management, Inc. filed a Counterclaim for Summary Ejectment.

On April 4, 2016, a Mecklenburg County Magistrate found for Defendant and issued a judgment evicting Plaintiff and denying her claims for relief. See Document #32-3, Mecklenburg County Civil Action Number 16-CVM-4524. Plaintiff appealed on April 13, 2016.

On November 28, 2016, Judge Trosch found that Plaintiff failed to appear and entered a judgment dismissing her claims. See Document #32-4, Mecklenburg County Civil Action Number 16-CVD-6737. On December 22, 2016, Judge Trosch entered a judgment evicting Plaintiff. See Document #32-5, Id. Plaintiff alleges that Defendant Cason submitted false testimony by affidavit during the course of these proceedings.

Defendants have filed their respective Motions to Dismiss, which have been fully briefed and are ripe for disposition.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they

3

are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Claims against Defendants Tin, Hoover, Trosch, and Carson

#### 1. Official Capacity claims

The Eleventh Amendment bars suits brought in federal district court against a state by its own citizens as well as those by citizens of other states. See, e.g., Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98 (1984); and Atascadero State Hospital v. Scanlon, 473 U.S. 234, 240 n. 2 (1985). The Eleventh Amendment

also forbids actions against state officials for retroactive monetary relief. Kentucky v. Graham, 473 U.S. 159 (1985). A state may waive its sovereign immunity against suit in federal court, but such waiver must be unequivocally expressed. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99 (1984). There has been no such waiver by the State of North Carolina. Accordingly, Defendants' Motions to Dismiss should be granted as to Plaintiffs' official capacity claims.

**2. Individual Capacity claims**

Plaintiffs' individual capacity claims against these judicial officials and the code inspector must also be dismissed. Defendants Tin, Hoover, and Trosch have judicial immunity. Dennis v. Sparks, 449 U.S. 24, 27 (1980); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); Stump v. Sparkman, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.") The law is well settled in the Fourth Circuit that a judge cannot be held liable for the exercise judicial authority. Dean v. Shirer, 547 F.2d 227, 231 (4th Cir. 1976). The doctrine of judicial immunity survives even when judicial authority is exercised improperly. Id.

Federal claims premised upon an individual's sworn testimony in a judicial proceeding are barred by absolute immunity, just as such claims were barred under common law. See, Briscoe v. LaHue, 460 U.S. 325, 335 (1983) (e.g., "…§ 1983 does not authorize a damages claim against private witnesses on the one hand, or against judges or prosecutors in the performance of their respective duties on the other"). See also Rehberg v. Paulk, 566 U.S. 356, 369 (2012) ("this rule may not be circumvented by claiming that a... witness conspired to present false testimony…").

5

Plaintiffs' claims against Defendant Carson arise from her testimony by affidavit.

For these reasons, the undersigned respectfully recommends that Defendants Tin, Hoover, Trosch, and Carson's Motions to Dismiss be granted as to Plaintiffs' individual capacity claims as well.

### C. Claims Against VTT Defendants

#### 1. 42 U.S.C. §1983 and 1985 Claims

Claims under Sections 1983 and 1985 may be brought only against government officials. See Richardson v. McKnight, 521 U.S. 399, 403 ("[§1983] imposes liability only where a person acts 'under color' of a state 'statute, ordinance, regulation, custom, or usage.'"); Cox v. Ashcroft, 603 F.Supp. 2d 1261, 1266 n. 6 (E.D. Cal. 2009) ("[a]ny claims pursuant to 42 U.S.C. §§ 1983, 1985 are legally deficient and dismissed as such, because no state actors have been named as defendants."). The VTT Defendants are not government officials. Consequently, the undersigned respectfully recommends that the VTT Defendants' Motion to Dismiss be granted as to Plaintiffs' 42 U.S.C. §1983 and 1985 claims.

#### 2. Fair Housing Act Claim

The VTT Defendants characterize Plaintiffs' Complaint as an appeal of the state court judgment and argue that it is barred by the Rooker-Feldman doctrine.

As the Fourth Circuit has explained:

> Under the Rooker–Feldman doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." Johnson v. De Grandy, 512 U.S. 997, 1005–06, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994). We regard the doctrine as jurisdictional. See Friedman's, Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir.2002) ("Because the Rooker–Feldman doctrine is jurisdictional, we are obliged to address it before

proceeding further in our analysis."); Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997) ("Under the Rooker–Feldman doctrine, lower federal courts do not have jurisdiction to review state-court decisions."); Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n. 5 (4th Cir. 1997) (noting that the Rooker–Feldman doctrine is a jurisdictional matter that a court is empowered to raise *sua sponte* ). The notion that Rooker–Feldman is jurisdictional "rests on two basic propositions of federal jurisdiction." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000). One is that "Congress ... vested the authority to review state court judgments in the United States Supreme Court alone" under 28 U.S.C. § 1257(a). Id. at 198–99. The other is that "Congress has empowered the federal district courts to exercise only original jurisdiction." Id. at 199. The Rooker–Feldman doctrine, therefore, preserves a fundamental tenet in our system of federalism that, with the exception of habeas cases, appellate review of state court decisions occurs first within the state appellate system and then in the United States Supreme Court. See Plyler, 129 F.3d at 731. A litigant may not circumvent these jurisdictional mandates by instituting a federal action which, although not styled as an appeal, "amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court." Id. at 733; see Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997) (explaining that a litigant "may not escape the jurisdictional bar of Rooker–Feldman by merely refashioning its attack on the state court judgment[ ] as a § 1983 claim"). For purposes of Rooker-Feldman, "[t]he controlling question ... is whether a party seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision." Jordahl, 122 F.3d at 202; see Brown & Root, 211 F.3d at 202 ("[T]he pivotal inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim." (alterations and internal quotation marks omitted).

Am. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003). See also, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Company, 263 U.S. 413, 416 (1923).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"). However, courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of her complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243

7

(4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Applying these principles, the Court finds that Plaintiffs have pled a cognizable claim under the Fair Housing Act that is not precluded by Rooker-Feldman. They allege that Defendants retaliated against them for filing complaints with Code Enforcement and other entities by accusing them of lease violations, spray painting "Nigger," on the stair posts that led to Plaintiffs' apartment, having maintenance staff follow them, and evicting them from their apartment. Accordingly, the undersigned respectfully recommends that the VTT Defendants' Motion to Dismiss be <u>denied</u> as to Plaintiffs' Fair Housing Act claim.

**3. State Law Claims**

The Court does find that the remaining claims, whether labelled as conspiracy, unclean hands, infliction of emotional distress or otherwise in Plaintiffs' rambling Complaint, all arise from and amount to an appeal of the state court judgment. Consequently, they are barred by Rooker-Feldman. Am. Reliable Ins. Co., 336 F.3d at 316.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. The "Motion to Dismiss on Behalf of Defendants Tin, Hoover and Trosch" (document #19) and "Defendant Marta Carson's Motion to Dismiss" be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE** as to these Defendants.

2. The "Motion to Dismiss on Behalf of Defendants VTT Management, Inc., VTT Charlotte, LLC, Latonya Cameron, and Victor Jimenez" (document #31) be **GRANTED IN PART** and **DENIED IN PART**, that is, **DENIED** as to Plaintiffs' claim under the Fair Housing

Act, 42 U.S.C. §§ 3601-3619 and 3631, and **GRANTED** in all other respects.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to pro se Plaintiffs; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: May 25, 2017

David S. Cayer
United States Magistrate Judge