UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00826-RJC-DSC

| | |
|---|---|
| TIGRESS SYDNEY ACUTE MCDANIEL, et al., ) ) ) Plaintiffs, ) ) v. ) ) VTT MANAGEMENT, INC., et al., ) ) Defendants. ) ) | **ORDER** |

**THIS MATTER** comes before the Court on three motions to dismiss filed by Defendants Becky Tin, Donnie Hoover, and Elizabeth Trosch, (Doc. No. 19), Defendant Marta Carson, (Doc. No. 21), and Defendants VTT Management, Inc., VTT Charlotte, LLC, Latonya Cameron, and Victor Jimenez, (collectively, the "VTT Defendants") (Doc. No. 31); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 38), recommending that this Court grant Defendants Tin, Hoover, and Trosch's motion, grant Defendant Carson's motion, and grant in part and deny in part the VTT Defendants' motion. The parties have not filed objections to the M&R and the time for doing so has expired.[1] Fed. R. Civ. P. 72(b)(2).

**I.  BACKGROUND**

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

---

[1] Within the time allotted for filing objections, Plaintiff Tigress Sydney Acute McDaniel filed a Motion for Extension of Time to File a Response to Defendants' motions to dismiss. (Doc. No. 39). The same day, the Court denied Plaintiff's request. (Doc. No. 40).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done

so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 38), is **ADOPTED**;

2. Defendants Tin, Hoover, and Trosch's Motion to Dismiss, (Doc. No. 19), is **GRANTED**;

3. Defendant Carson's Motion to Dismiss, (Doc. No. 21), is **GRANTED**;

4. The Complaint is **DISMISSED** as to Defendants Tin, Hoover, Trosch, and Carson; and

5. Defendants VTT Management, Inc., VTT Charlotte, LLC, Latonya Cameron, and Victor Jimenez's (collectively, the "VTT Defendants") Motion to Dismiss, (Doc. No. 31), is **GRANTED in part** and **DENIED in part**. Specifically, the VTT Defendants' Motion to Dismiss is **GRANTED** as to Plaintiffs' 42 U.S.C. §§ 1983 and 1985 claims and state law claims, and those claims are **DISMISSED**. VTT Defendants' Motion to Dismiss is **DENIED** as to Plaintiffs' Fair Housing Act Claim (42 U.S.C. §§ 3601–3619 and 3631).

Signed: June 19, 2017

Robert J. Conrad, Jr.
United States District Judge