UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00826-RJC-DSC

| | |
|---|---|
| TIGRESS SYDNEY ACUTE MCDANIEL, et al., ) ) ) Plaintiffs, ) ) v. ) ) VTT MANAGEMENT, INC., et al., ) ) Defendants. ) ) | ORDER |

**THIS MATTER** was raised by the Court sua sponte, at a Pre-Trial Hearing on August 29, 2018, and pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (2010):

> After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

The Court hereby notifies the parties of its intention to enter summary judgment if Plaintiff fails to produce sufficient evidence to support a prima facie case of retaliation under the Fair Housing Act, 42 U.S.C. § 3617. As detailed in the Magistrate Judge's Memorandum and Response, (Doc. No. 38 at 8), which this Court subsequently adopted, (Doc. No. 41), the retaliation claim under the Fair Housing Act is Plaintiff's sole surviving cause of action. To establish a prima facie case of retaliation, Plaintiff must show that (1) she was engaged in protected activity, (2)

Defendants were aware of that activity, (3) Defendants took adverse action against her, and (4) a causal connection existed between the protected activity and the asserted adverse action. Hall v. Greystar Mgmt. Servs., L.P., 637 F. App'x 93, 98 (4th Cir. 2016) (citing King v. Rumsfeld, 328 F.3d 145, 150–51 (4th Cir. 2003)). Specifically, the Court is concerned about Plaintiff's failure to allege, or ability to establish, the first element of her retaliation claim—that is, that she engaged in protected activity as defined in the Fair Housing Act.

Summary judgment is proper when there is no genuine dispute as to any material fact, and a party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a). A material fact is one that could lead to judgment in favor of one party or another. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A party may assert that a fact is genuinely disputed, or cannot be genuinely disputed, by submitting certain materials to the Court. Fed. R. Civ. P. 56(c). These materials include documents, declarations, and affidavits. Id. Affidavits and declarations must be made on personal knowledge and set out facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4).

The Court advises Plaintiff, who is proceeding pro se, that failure to support a cause of action may result in the Court granting summary judgment, that is, dismissal of Plaintiff's case with prejudice. Fed. R. Civ. P. 56(e).

The Court hereby **CONTINUES** this trial to the next civil term on November 5, 2018 to allow for the parties to submit any materials bearing on this matter on or before September 10.

Signed: August 30, 2018

Robert J. Conrad, Jr.
United States District Judge