UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00826-RJC-DSC

| | |
|---|---|
| TIGRESS SYDNEY ACUTE MCDANIEL, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>VTT MANAGEMENT, INC., et al., )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is raised by the court sua sponte pursuant to its power under Federal Rule of Civil Procedure 56(f). On August 29, 2018, during the Pretrial Conference, the Court notified the parties of its intention to enter summary judgment unless Plaintiffs could produce sufficient evidence to support a prima facie case of retaliation under the Fair Housing Act ("FHA"), 42 U.S.C. § 3617. In response, Plaintiffs filed various briefs and motions, including a Motion for Judgment as a Matter of Law, (Doc. No. 77); Motion for Sanctions, (Doc. No. 76); and a Renewed and Otherwise Amended Motion in Limine, (Doc. No. 78). Defendants filed a Memorandum in Support of Motion for Summary Judgment, (Doc. No. 79), in response. The Court herein addresses Plaintiffs' pending motions in addition to its consideration of summary judgment.

I.  BACKGROUND

Tigress McDaniel filed this Complaint, (Doc. No. 1), pro se on December 2,

2016, on behalf of herself and her minor child (collectively "Plaintiffs") in the Western District of North Carolina against various defendants. (Doc. No. 1 § B, ¶¶ 3–14). Plaintiffs contend that several of Defendants leased Plaintiff a unit at Woodland Estates apartment complex, a residential rental property in Charlotte, North Carolina (the "Apartment Complex"). (Id. § C, ¶ 2). In the Complaint, Plaintiffs allege that their landlords ("the VTT Defendants") violated 42 U.S.C. Sections 1983 and 1985 and the Fair Housing Act, § 3601-3619, 3631. (Id. §§ A, D). Specifically, Plaintiffs allege that the VTT Defendants subjected Plaintiffs to harassment and retaliation for reporting code violations to the Mecklenburg County Housing Code Enforcement and for filing a rent abatement action in Mecklenburg County District Court. (Doc. No. 1 § C ¶¶ 5. 7, 10, 12–18, 21). Plaintiffs assert that they were ultimately evicted from the Apartment Complex due to their allegations of housing code violations and instigation of the rent abatement action. (Id. § C ¶¶ 12–15). Additionally, Plaintiffs claim that Mecklenburg County District Court Judges Becky Tin, Donnie Hoover, and Elizabeth Trosch, along with City Code Inspector Marta Carson conspired against Plaintiffs with the VTT Defendants. (Id. ¶¶ 16–20).

On April 27, 2017, Defendants moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as the Rooker-Feldman Doctrine. (Doc. No. 31). On May 26, 2017, the Magistrate Judge filed a Memorandum and Recommendation ("M&R") recommending that the Court dismiss all claims except for Plaintiffs' retaliation claim brought under the

FHA.  (Doc. No. 38 at 8).  Allowing Plaintiffs' FHA retaliation claim to proceed was proper due to the wide latitude that should be afforded to pro se plaintiffs in pleading cases.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (directing courts to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally").

No parties filed objections to the M&R, and this Court subsequently adopted the Magistrate Judge's M&R, (Doc. No. 38), and (1) granted Defendants Tin, Hoover, and Trosch's Motion to Dismiss, (Doc. No. 19); (2) granted Defendant Carson's Motion to Dismiss, (Doc. 21); (3) dismissed the Complaint as to Defendants Tin, Hoover, Trosch, and Carson; (4) dismissed Plaintiffs' 42 U.S.C. §§ 1983 and 1985 claims and state law claims; and (5) allowed Plaintiffs' Fair Housing Act Claim, 42 U.S.C. §§ 3601-3619 and 3631 to go forward.  (Doc. No. 41).

On August 29, 2018, the Court raised the issue of summary judgment, sua sponte, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure during the Pretrial Hearing.  (Doc. No. 72).  In doing so, the Court notified the parties of its intention to enter summary judgment if Plaintiff failed to produce sufficient evidence to support a prima facie case of retaliation under the FHA, 42 U.S.C. § 3617.  The Court gave the parties a full ten days to respond, a reasonable time as required under Rule 56(f).  On September 10, 2018, the parties submitted various briefs and motions addressing the Court's consideration of entering summary judgment.  (Doc. Nos. 74–79).  Accordingly, the issue of summary judgment is now ripe and ready for the Court's adjudication.

## II. STANDARD OF REVIEW

Summary judgment is proper when there is no genuine dispute as to any material fact, and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A material fact is one that could lead to judgment in favor of one party or another. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A party may assert that a fact is genuinely disputed, or cannot be genuinely disputed, by submitting certain materials to the Court. Fed. R. Civ. P. 56(c). These materials include documents, declarations, and affidavits. Id. Affidavits and declarations must be made on personal knowledge and set out facts that would be admissible in evidence. Id. 56(c)(4).

Rule 56(f) of the Federal Rules of Civil Procedure gives a Court the power to raise the issue of summary judgment sua sponte:

> **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
> (2) grant the motion on grounds not raised by a party; or
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

Therefore, even in the absence of a party moving for summary judgment, a court has the inherent power to enter summary judgment on its own, so long as the Court gives the parties notice and a reasonable time to respond. Fed. R. Civ. P. 56(f); U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n, 873 F.2d 731 (4th Cir. 1989) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long

as the losing party was on notice that she had to come forward with all of her evidence.")).

A court can enter summary judgment sua sponte when the parties have not demonstrated that there is a genuine dispute as to any material fact and thus judgment is proper as a matter of law. UBA, LLC v. Thyssenkrupp Elevator Corp., No. 5:15-CV-477-FL, 2017 WL 875828, at *2 (E.D.N.C. Mar. 3, 2017) (quoting Fed. R. Civ. P. 56(f)(3)). A court must afford a party at least a full ten days, as required by Rule 56(c), "to present all material pertinent to the claims under consideration" and to "demonstrate a genuine issue of material fact." U.S. Dev. Corp., 873 F.2d at 735. When responding to the court after it gives notice that it is considering entering summary judgment sua sponte, "the responding party must appreciate its status as 'target' of the court's inquiry, and possess that motivation when preparing a response." Id.

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248–49. "If the evidence is merely colorable or is not significantly probative," summary judgment is appropriate. Id. at 249–50 (citations

5

omitted).

## III. DISCUSSION

Plaintiffs' sole surviving cause of action is their retaliation claim brought under the FHA, 42 U.S.C. § 3617. The FHA states "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. To establish a prima facie case of retaliation under the FHA, a plaintiff must show that (1) plaintiff was engaged in protected activity, (2) defendants were aware of that activity, (3) defendants took adverse action against plaintiff, and (4) a causal connection existed between the protected activity and the asserted adverse action. Hall v. Greystar Mgmt. Servs., L.P., 637 F. App'x 93, 98 (4th Cir. 2016) (citing King v. Rumsfeld, 328 F.3d 145, 150–51 (4th Cir. 2003)).

As a threshold matter, a plaintiff must first demonstrate that she was engaged in a "protected activity" covered by the FHA. Protected activity includes any "action taken to protest or oppose statutorily prohibited discrimination" or "the exercise or enjoyment of rights under 42 U.S.C. § 3604 to equal services and conditions of housing." Matarese v. Archstone Pentagon City, 795 F. Supp. 2d 402, 442 (E.D. Va. 2011), aff'd in part, vacated in part sub nom. Matarese v. Archstone Communities, LLC, 468 F. App'x 283 (4th Cir. 2012). Accordingly, the protected activity, which serves as the initial trigger to an FHA retaliation claim, must relate

6

to discrimination to fall within the FHA's purview.

It is difficult to discern from the pleadings what Plaintiffs contend was the protected activity Plaintiffs engaged in. (See Doc. No. 79 at 4). One matter is decipherable, however: Plaintiffs' alleged protected activity did not relate to discrimination. Upon review of Plaintiffs' Motion for Judgment as a Matter of Law, which Plaintiffs filed in response to the Court's order giving notice of its intention to enter summary judgment, Plaintiffs seem to ground their protected activity in 42 U.S.C. § 3604 of the FHA. (Doc. 77 at 5). This provision states, in relevant part,

> [I]t shall be unlawful—
>
> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(a)–(b). The facts indisputably demonstrate that the VTT Defendants and Plaintiffs entered a residential lease agreement. (Doc. No. 55, Ex. A). Therefore, 42 U.S.C. § 3604(a) is inapplicable.

The gravamen of Plaintiffs' Complaint and subsequent pleadings is that VTT Defendants retaliated against and ultimately evicted Plaintiffs because Plaintiffs (1) filed complaints with Code Enforcement and other entities and (2) instigated a rent abatement action in Mecklenburg County District Court. (Doc. No. 1 § C, ¶¶ 5. 7, 10, 12–18, 21). Plaintiffs' pleadings seem to allege that these actions constituted

7

protected activity under the FHA and thus served as the triggering event for Plaintiffs' FHA cause of action. (Doc. No. 1 § D, ¶ 27). Thus, Plaintiffs' complaints filed with Code Enforcement authorities and instigation of the rent abatement action—the alleged protected activity—were not based on any claims alleging the VTT Defendants had engaged in discriminatory treatment or retaliation against Plaintiffs because of Plaintiffs' "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b); (Doc. No. 1 § C, ¶¶ 1–4). Rather, Plaintiffs filed these complaints alleging that the VTT Defendants had not upheld their obligations as landlords to maintain fit and habitable premises for their lessees. See id. Therefore, because the alleged "protected activity" Plaintiffs engaged in was based on allegations of "unfit premises," not in allegations of discrimination, the FHA does not protect Plaintiffs' activity. (Doc. No. 1 § C, ¶ 4). And having thus failed to sufficiently allege the first element of an FHA retaliation claim—that Plaintiffs engaged in a protected activity—Plaintiffs' entire FHA retaliation claim must fail as a matter of law.

IV. CONCLUSION

Plaintiffs have failed to demonstrate that a dispute as to any material fact exists, and therefore, judgment as a matter of law is proper. Because Plaintiffs have failed to present evidence that they engaged in a protected activity as defined in the FHA, Plaintiffs fail to meet the first element of their FHA retaliation claim, which is the only remaining claim before the Court today.

**IT IS, THEREFORE, ORDERED** that:

1. The Court enter Summary Judgment sua sponte pursuant to its inherent power to do so under Rule 56(f) of the Federal Rules of Civil Procedure.

2. Plaintiffs' Motion for Judgment as a Matter of Law, (Doc. No. 77), is **DENIED**.

3. Plaintiffs' Motion for Sanctions, (Doc. No. 76), is **DENIED AS MOOT**.

4. Plaintiffs' Amended Motion in Limine, (Doc. No. 78), is **DENIED AS MOOT**; and

5. The Clerk of Court is directed to close this case.

Signed: September 18, 2018

Robert J. Conrad, Jr.
United States District Judge